1

2

3

4                            UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    TERRANCE BUTLER,                          Case No. 15-cv-03237-HSG (PR)

              Petitioner,
8                                              **ORDER OF TRANSFER**

9         v.

10   JERRY BROWN,

              Respondent.
11

12

13        Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner

14   is being held in Coalinga State Hospital in Coalinga, California, under California's Sexual Violent

15   Predator Act ("SVPA").  *See* Cal. Welf. & Inst. Code § 6600, et seq.  He is currently awaiting trial

16   to determine whether he is a Sexually Violent Predator subject to civil commitment under the

17   SVPA.  In his petition, he argues that the California Department of State Hospitals is violating his

18   double jeopardy rights by using certain standards, procedures, and assessment tools to determine if

19   he is a Sexually Violent Predator.  He also argues that abstention is not appropriate.

20        Section 2241 is the proper basis for the petition because petitioner is a pretrial detainee

21   challenging the constitutionality of his confinement.  *See Hoyle v. Ada County*, 501 F.3d 1053,

22   1058 (9th Cir. 2007) (Section 2241 proper basis for pre-trial double jeopardy challenge).

23   Although this court may have jurisdiction to hear a petition brought under Section 2241, *see*

24   *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973), *Braden* also makes clear that

25   "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim

26   in the jurisdiction where the habeas petitioner is confined."  *Chatman-Bey v. Thornburgh*, 864

27   F.2d 804, 814 (D.C. Cir. 1988).  The preferable forum for a Section 2241 habeas petition is the

28   district of confinement.  *See McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir.

United States District Court
Northern District of California

1  1976); *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even

2  where district court has personal jurisdiction over custodian, preferred forum for Section 2241

3  petition is district where petitioner confined).

4       The commitment proceedings are in Alameda County, which is in this district, and

5  Petitioner is confined in Fresno County, which is in the Eastern District of California. *See* 28

6  U.S.C. § 84. Pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of

7  justice, this petition is TRANSFERRED to the United States District Court for the Eastern District

8  of California. Ruling on the request to proceed in forma pauperis will be deferred to the Eastern

9  District.

10       **IT IS SO ORDERED.**

11  Dated:  10/5/2015

12  

13  HAYWOOD S. GILLIAM, JR.
    United States District Judge

*United States District Court*
*Northern District of California*