# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE BUTLER,<br><br>    Petitioner,<br><br>v.<br><br>JERRY BROWN,<br><br>    Respondents. | Case No.: 1:15-cv-01509-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

    Petitioner claims he is in pre-hearing commitment pursuant to California's Sexually Violent Predator Act. Petitioner challenges the application of the SVPA and claims that it is fails to identify those likely to commit sexually violent acts. Finally, Petitioner claims that a trial under the SVPA violates the Double Jeopardy clause. Because the Court finds that it is required to abstain from determining this matter, it recommends the matter be **DISMISSED**.

## DISCUSSION

A. <u>Preliminary Review of Petition</u>.

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

1

corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The instant petition alleges he is being held in pre-hearing commitment pursuant to California's Sexually Violent Predator Act ("SVPA").  Petitioner alleges California's SVPA law is fatally flawed because (1) the California Department of State Hospitals ("DSH") has initiated policies requiring its evaluators to fraudulently contend that patients are subject to the SVPA and that these policies were "designed to fail" and do not actually determine the likelihood that a SVP designee is "likely" to commit sexual offenses. (Doc. 1, p. 40).  Petitioner also alleges the DSH staff disregard evidence that individuals charged as SVP's do not suffer from serious mental issues such that they are likely to commit sexual crimes in the future.  (Id.).  Petitioner alleges that these flawed policies have deprived him of his liberty and have subjected him to the possibility of a "second" trial on his prior sexual offenses in violation of the Double Jeopardy Clause of the U.S. Constitution.  (Id., p. 42).

B.  Younger Abstention.

After fully considering the circumstances of this case, the Court finds it should not proceed with this petition.  Notably, Petitioner's state court proceedings are ongoing and, generally, the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. See Ex parte Royall, 117 U.S. 241, 245–254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), *overruled* in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991). Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. See Mannes v. Gillespie, 967 F.2d 1310, 1311–1312 (9th Cir.1992).

Further, a federal court generally will not enjoin or directly intercede in ongoing state criminal proceedings absent extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971).  Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges

2

of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka, 23 F.3d at 225-26. Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County, 457 U.S. at 432; Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

For abstention to be appropriate, the federal court action must enjoin the state proceeding or have the practical effect of doing so by interfering in a way that Younger disapproves. Gilbertson v. Albright, 381 F.3d 965, 977–78 (9th Cir.2004) (en banc). This principle of abstention has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973), or even during the time a case is on appeal in the state courts, New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). This principle has also been applied to pending state civil proceedings where important state interests are at stake. Middlesex County, 457 U.S. at 432; Moore v. Sims, 442 U.S. 415, 423 (1979) (pending child custody proceeding); Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975) (pending nuisance action).

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply. The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is

"flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

The first requirement is satisfied here because the state proceedings have not concluded. Indeed, it does not appear that a civil commitment trial has been commenced in the state court or that Petitioner has been found to be a SVP by the State of California. Petitioner does not dispute that at the time the petition was filed, state SVPA proceedings were ongoing. For purposes of Younger abstention, the critical determination is whether state proceedings were underway at the time the federal action was filed, and state proceedings are deemed ongoing for purposes of Younger abstention until state appellate review is completed. Steffel v. Thompson, 415 U.S. 452, 462 (1974); Gilbertson v. Albright, 381 F.3d at 969 n. 4.  It appears undisputed that Petitioner's SVPA trial has not yet occurred as of the filing of the petition, and Petitioner has not presented his constitutional claims to the California Supreme Court.

The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. See Dubinka, 23 F.3d at 223. Finally, the third requirement is met because Petitioner can address his federal constitutional claims related to the allegedly illegal conduct of the DSH and prosecutors in the state court civil SVP proceedings.

Petitioner argues that "irreparable injury will result" if the state proceedings continue because he will be subjected to a second trial on prior sex convictions that would violate the Double Jeopardy Clause.  (Doc. 1, p. 66).  However, the cost, anxiety, and inconvenience of presenting a defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54.  Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592,

607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

It is apparent that Plaintiff is seeking to have the Court intervene in an ongoing state SVP proceeding. This is precisely the type of circumstance to which the Younger doctrine was intended to apply. Petitioner has not established that any exception to Younger abstention is applicable in this case, i.e., that the state court proceedings were undertaken for bad faith or for purposes of harassment. Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. Indeed, the state civil proceedings are currently pending, and Petitioner can raise his concerns within the context of those state court proceedings or on appeal at the conclusion of the SVP hearing.

**ORDER**

For the foregoing reasons, the Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED under the Younger abstention doctrine.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days**after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 29, 2015**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE

5